<hr />

(38 Misc. Rep. 792.)

### BRINN v. RINDERMAN.

#### (Supreme Court, Appellate Term.   June, 1902.)

1. NEW YORK MUNICIPAL COURT—VENUE—WAIVER.
   Greater New York Charter, § 1370, subd. 1, provides that one of the parties to a suit in a municipal court must reside in the district, unless all reside outside the city. Subdivision 4 provides, if the district in which the action is brought is not the proper one, the action may be tried there, unless it is transferred to the proper one before trial on demand of defendant. *Held*, that the right to transfer will be deemed to have been waived; the record showing only that defendant made an affidavit for transfer, and it not appearing that the application was acted on, or that the point was raised when the case came on for trial.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Max Brinn against Isidor Rinderman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

M. Silverstein, for appellant.
Marks & Marks, for respondent.

PER CURIAM. The pleadings are oral. The complaint is for rent on an assigned claim. The answer is a general denial, surrender, and acceptance, and demand for bill of particulars. The claim is for $40, for which sum, with costs, the justice gave judgment for plaintiff. Defendant appeals. There is considerable conflict as to the facts, but there is sufficient evidence to sustain the finding of the justice. The defendant claims, also, to appeal from a refusal of the justice to transfer the case to another district, on the ground that neither party lived in the second district, where the case was tried. Greater New York Charter, § 1370, subd. 1. There is nothing in the record to show that such motion was made or ruled upon, except an affidavit of defendant's attorney, sworn to on December 3, 1901, stating that defendant lived in the seventh district, and that said attorney was informed and believed that plaintiff was a nonresident of the second district, and that said attorney asked that the case be transferred to the seventh district. Issue in this action was joined on December 5, 1901, so that the application for the transfer appears to have been made before the joinder of issue, and thus complies with the requirements of section 1370, subd. 4, of the charter, in respect

to time. There does not appear to have been any formal denial of the application, nor was the point raised when the case came on for trial. Section 1370 of the charter, in subdivision 1, states that at least one of the parties must reside in the district, unless all the plaintiffs or all the defendants reside out of the city, in which case the action may be brought in said court in any district. But the same section, in subdivision 4, provides that:

"If the district in which the action * * * is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district before trial upon demand of the defendant made upon or before the joinder of issue, in writing or in open court, followed by the consent of the plaintiff, given in like manner, or the order of the court. * * * The court must make such order, when the district in which the action * * * is brought is not the proper district."

There is no denial of the claim as to nonresidence set forth in the affidavit of the defendant's attorney. The court should, therefore, have made the order of transfer upon the defendant's request, made, as we have seen, before the joinder of issue. The defendant, however, should have raised this point at the commencement of the trial, and moved to dismiss for want of jurisdiction. This would have given the plaintiff an opportunity to disprove the claim as to plaintiff's nonresidence, if such claim was not, in point of fact, well founded. The allegation is on information, and neither the sources of his information nor the grounds for his belief are stated; and there is nothing to show what, if any, action was taken with respect to this affidavit either by the court or by the plaintiff. No order denying the application appears to have been made, and, as we have seen, defendant went through the trial without in any way raising this question of nonresidence. In view of the fact that defendant neglected to enter an order denying the application, and failed to raise the point of nonresidence at the trial, and took no steps whatever to get a definite ruling or action by the justice upon this question, we must hold that the point raised has not been properly presented for our consideration.

There are no other questions of law that require discussion, and we are unwilling to hold that the judgment is against the weight of evidence. As to the question of nonresidence, the defendant must be deemed to have waived any rights he may have had thereunder.

Judgment affirmed, with costs.